# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WALTER JAMES ROBERTS,** *Plaintiff,* v. **WILCOX COUNTY SHERIFF'S OFFICE,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00026-TES-CHW** |

## ORDER DISMISSING CASE

*Pro se* Plaintiff Walter James Roberts filed a civil rights complaint under 42 U.S.C. § 1983 while incarcerated at the Dodge County Sheriff's Department.[1] [Doc. 1]. On February 2, 2018, the United States Magistrate Judge ordered Plaintiff to (1) recast his complaint using the Court's standard forms, and (2) submit a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a). [Doc. 7, at 2]. The Magistrate Judge afforded Plaintiff 21 days to file his response and advised Plaintiff that a failure to fully and timely comply would result in the dismissal of this action. [*Id.* at 3]. Plaintiff filed a timely response, however, he also notified the Court of a change of address, and it appears that Plaintiff is no longer in custody. *See* [Docs. 10, 13]. Consequently, on March

---

[1] The Court notes that at the time Plaintiff filed his Amended Complaint [Doc. 10], his current place of confinement was Dodge County Jail. *See* [Doc. 10, at 1]. Whereas, the matters surrounding Plaintiff's lawsuit took place at Wilcox County Jail. [*Id.* at 3].

26, 2018, the Magistrate Judge ordered Plaintiff to refile his motion to proceed *in forma pauperis* using the Court's non-prisoner application. [Doc. 14].

The deadline for Plaintiff to submit his renewed motion to proceed *in forma pauperis* elapsed without response from Plaintiff. The order directing Plaintiff to file a renewed motion to proceed *in forma pauperis* and two others,[2] however, are marked "Mail Returned" and "Not Deliverable As Addressed." *See* [Docs. 15, 16, 17]. In light of these undelivered documents, on April 20, 2018, the Magistrate Judge afforded Plaintiff an additional opportunity, "out of an abundance of caution," to comply with the Court's March 26, 2018, Order. [Doc. 18, at 1]. The Magistrate Judge provided Plaintiff 21 days in which to respond and again cautioned Plaintiff that noncompliance would "result in the immediate dismissal of Plaintiff's complaint." [*Id*. at 2].

As of today's date, the 21-day deadline to respond to the Court's Orders elapsed without response from Plaintiff. Further, Plaintiff failed to contact this Court, in any way, since he filed his notice of change of address nearly three months ago. Plaintiff failed to respond to multiple orders of the Court and failed to provide a proper mailing address, as is his duty. This constitutes a failure to prosecute this action. For these reasons, and because Georgia's two-year statute of limitations will not prevent the filing of Plaintiff's complaint in the near future, the instant action is hereby **DISMISSED without prejudice**.

---

[2] The mailing address for these documents is identical to the mailing address provided by Plaintiff on his Notice of Change of Address [Doc. 13]. Thus, it does not appear that the Court has a valid mailing address for Plaintiff.

*See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 11th day of June, 2018.

S/ Tilman E. Self, II
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**